# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re**

LYNN E. MOON and
JACQUELINE L. MOON,

**Debtors.**

**Bankruptcy Case
No. 06-40607**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

>   Craig R. Jorgensen, Pocatello, Idaho, Attorney for Debtors.

>   Janine Reynard, Boise, Idaho, Attorney for U.S. Trustee.

### *Introduction*

The United States Trustee ("the UST") filed a Motion to Dismiss this

bankruptcy case, arguing that the Debtors Lynn E. Moon and Jacqueline L. Moon

were not eligible for relief because they failed to comply with the credit counseling

requirements imposed by 11 U.S.C. § 109(h).[1]  Docket No. 21.  On March 1, 2007,

_____

[1]  All chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§
101 – 1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection

MEMORANDUM OF DECISION - 1

the Court conducted a hearing on the motion.  At the conclusion of the hearing, the

Court suggested that the parties file supplemental briefing, and took the issues

under advisement.  After consideration of the submissions and arguments of the

parties, the testimony presented at the hearing, as well as the applicable law, this

Memorandum constitutes the Court's findings of fact, conclusions of law, and

disposes of the motion.  Fed. R. Bankr. P. 7052; 9014.

### *Procedural History*

Early in 2006, Debtors met with an attorney, David Rayborn, and

provided him the information necessary for the preparation of a voluntary chapter

7 bankruptcy petition, schedules and statements.  As part of their pre-filing

activities, Debtors sought and received credit counseling from Debt Reduction

Services, Inc. on February 10, 2006.  Docket No. 12, 13.  The petition and other

documents were signed by Debtors on May 19, 2006.  Ex. 1.  They also paid

Rayborn's attorney fees in full, plus court costs.  At that point, Debtors presumed

Rayborn would promptly file their petition and that their bankruptcy case would

proceed accordingly.

---

Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

For no known reason, Rayborn never filed Debtors' bankruptcy petition.  Debtors learned of this fact when Mr. Moon's wages were garnished, an act which threatened the security clearance required by his employer.

After unsuccessfully attempting to contact Rayborn, Debtors retained another attorney, Craig Jorgensen, in the Fall of 2006.  Mr. Jorgensen obtained Debtors' paperwork and documentation from Rayborn, and prepared a new chapter 7 petition, which was filed on November 8, 2006.  Docket No. 1.

Debtors did not repeat credit counseling prior to the filing of their petition in November 2006.  As a result, their credit counseling, completed on February 10, 2006, was procured 271 days prior to the filing date of their bankruptcy petition.  This fact forms the basis of the UST's dismissal motion.

### *Analysis and Disposition*

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective in October of 2005, provides that in order to be eligible for bankruptcy relief, individual debtors must receive pre-bankruptcy credit counseling from an approved agency during the 180-day period prior to filing for bankruptcy.[2]  § 109(h)(1).  In a recent decision, this Court held that it has

---

[2]  11 U.S.C. § 109(h)(1) provides:
> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the

MEMORANDUM OF DECISION - 3

no discretion to extend or waive the 180-day requirement based upon the debtor's particular circumstances, other than as provided by the statute. *See In re Ruckdaschel*, ___ I.B.C.R. ___, Case No. 06-40576, Docket No. 41 (Bankr. D. Idaho (Mar. 20, 2007)). And while § 109(h) does contain several exceptions to the credit counseling requirement, Debtors cannot make the necessary showing in order to quality for any of them.

The requirement of credit counseling is excused, at least temporarily, in three specific circumstances. The first is where the debtor resides in a district in which there are no reasonably adequate agencies that can provide credit counseling services. § 109(h)(2)(A). This is not the case in the District of Idaho, where there are at least 20 approved credit counseling agencies, one of which was utilized by Debtors. *In re Rodriguez*, 05.4 I.B.C.R. 102, 104 (Bankr. D. Idaho 2005).

Second, a debtor is excused from the credit counseling requirement if he or she files a certification alleging that "exigent circumstances" are present

---

180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

MEMORANDUM OF DECISION - 4

which merit a waiver of compliance.  § 109(h)(3).  However, to qualify for this temporary exemption, a debtor must demonstrate that he or she requested credit counseling services, but was unable to obtain them, during the five-day period beginning on the date the debtor made the request.  § 109(h)(3)(A).  While counsel argued that Debtors have established adequate facts for a temporary exemption here, Debtors have not shown that they either filed the required certification with the Court alleging exigent circumstances, nor was there any evidence that they unsuccessfully sought credit counseling services within the five day window.  Instead, Debtors actually received the required counseling, just not in a timely manner according to the statute.  Therefore, this exemption is not available to Debtors.

Finally, the Code provides a waiver of the credit counseling requirement for debtors who are unable to complete counseling due to "incapacity, disability, or active military duty in a military combat zone."  § 109(h)(4).  Debtors do not qualify under any of these categories.

Debtors, as well as their attorney, apparently did not recognize their credit counseling was not timely in relation to the petition filing date, and now seek to avoid the consequences of dismissal.  While the Court understands their predicament, and recognizes the harshness of the result, it is an outcome mandated

MEMORANDUM OF DECISION - 5

by the statute.  If the requirements of the statute are not met, Debtors are not

eligible to be debtors under the Code, and if that eligibility defect is timely

brought to the Court's attention,[3]  dismissal of their case is appropriate.

### *Conclusion*

The Court lacks discretion to excuse Debtors from compliance with

the requirement imposed by Congress that they receive timely credit counseling as

a condition to their eligibility for bankruptcy relief.  The UST has established

good cause for dismissal.   A separate order will be entered.

Dated:  April 5, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[3]  After the hearing on the UST's motion, and under very different circumstances, the Ninth Circuit BAP held that a debtor's failure to obtain timely credit counseling as required by § 109(h)(1) is not a "jurisdictional" defect, such that the debtor's request for dismissal based upon her lack of eligibility for relief could be waived.  *Mendez v. Salven (In re Mendez)*, ___ B.R. ___ (9th Cir. BAP Mar. 28, 2007).  Here, Debtors' bankruptcy case was filed on November 8, 2006, and the UST's motion to dismiss was filed on January 31, 2007.  Debtors have not argued, nor do these facts demonstrate, that the UST waived its right to seek dismissal in this case.

MEMORANDUM OF DECISION - 6